

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00042-CR
## NO. 02-11-00043-CR
## NO. 02-11-00044-CR

GREGORY DEANDRE DUNN                                                      APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Gregory Deandre Dunn pled guilty pursuant to a plea bargain to three counts of burglary of a habitation, charged in three separate causes, and the trial court placed him on five years' deferred adjudication community supervision in each case. About two years and five months later, the State filed a petition to proceed to adjudication in each case, alleging several violations of

---

[1]See Tex. R. App. P. 47.4.

the conditions of community supervision. Appellant pled true to allegations that he violated several conditions of community supervision by (1) illegally using a controlled substance (marijuana) on fourteen separate occasions; (2) failing to submit urine samples on ten separate occasions; (3) failing to report in the months of January, February, and November 2009; (4) failing to complete the total number of community service hours as directed by the trial court; (5) failing to notify his community supervision officer within five days of two address changes in 2010; (6) failing to complete Intensive Day Treatment (IDT) aftercare groups and being unsuccessfully discharged from treatment on October 12, 2010; and (7) failing to appear in IDT reentry court on November 1, 2010. After a hearing, the trial court adjudicated Appellant's guilt and sentenced him to four years' confinement in each case, with the sentences to run concurrently.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel from these three cases and a brief in support of that motion. In the brief, counsel avers that, in her professional opinion, these appeals are frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the records demonstrating why there are no arguable grounds for relief.[3] This court afforded Appellant the

---

[2]386 U.S. 738, 87 S. Ct. 1396 (1967).

[3]*See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).

2

opportunity to file a pro se response to the *Anders* brief, but he did not do so. The State likewise did not file a brief in these causes.

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf.[4] Only then may we grant counsel's motion to withdraw.[5]

We have carefully reviewed the records and counsel's brief. We agree with counsel that the appeals are wholly frivolous and without merit. We find nothing in the records that might arguably support the appeals.[6] Consequently, we grant the motion to withdraw and affirm the trial court's judgments.

PER CURIAM

PANEL:  DAUPHINOT, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 22, 2011

---

[4]*See id.* at 511.

[5]*See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

[6]*See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).